John H. **FLEMING** et al., Trustees for the Church of Christ, etc., Appellants,

v.

Sheridan **RIFE** et al., Appellees.

Court of Appeals of Kentucky.

Oct. 9, 1959.

Francis M. Burke, Pikeville, for appellants.

Charles E. Lowe, Pikeville, for appellees.

SANDIDGE, Judge.

This action arose out of a controversy between two factions of a church and involves the ownership and possession of the church property.

In 1938 the organizers of the church purchased land which was conveyed to three trustees "for the Church of Christ at Virgie, Pike County, Kentucky." A church building was constructed thereon and dedicated in 1940. A schism arose in 1957, with the major difference between the factions concerning the use of instrumental music in the church services.

Appellants instituted this action to recover the exclusive possession of the church premises and to enjoin appellees from using same. Appellees, by answer and counterclaim, sought to be adjudged the true members of the Church of Christ and entitled to the church property.

The action was tried by the court without a jury. It was submitted to a special commissioner to hear evidence, to rule upon all points of law, and to file his report and recommendations to the court. On exceptions to the commissioner's report, the court filed a written opinion and entered a judgment directing that appellants and appellees were both entitled to the use of the church building and premises, that commencing on the first Sunday in August, 1958, the appellants should have the use of same for their morning services and the appellees the use of same for their evening services, and that thereafter the two factions should

have alternate use of the premises each Sunday. The judgment further directed that neither faction should interfere with the other in the conduct of such services.

Appellants seek a reversal of the judgment, and contend they are exclusively entitled to the church premises. There is no cross-appeal.

■ It is admitted by all parties involved that this church is strictly congregational in its organization and activities. That being true, the lower court erred in apportioning the use of the church property. Bunnell v. Creacy, Ky., 266 S.W.2d 98; Bray v. Moses, 305 Ky. 24, 202 S.W.2d 749.

It is settled in this state that where there is a schism in a congregational church, the majority group are entitled to exclusive use of the church property, unless they have departed from the fundamental doctrines of the church as advocated and practiced at the time of its organization; and in the event they have so departed, then the group adhering to such doctrines is entitled to the premises. Parker v. Harper, 295 Ky. 868, 175 S.W.2d 361; Bunnell v. Creacy, Ky., 266 S.W.2d 98. In such cases the determining question is which faction of the church is adhering to its fundamental doctrines.

■ The lower court made no findings of fact, and we are not enlightened as to which of the present factions constitutes a majority of the congregation or as to which has departed from the fundamental doctrines of the church. As an appellate court we are under no duty and have no right to try cases de novo. It is the mandatory duty of the trial court in all actions tried upon the facts without a jury to find the facts specifically and state separately its conclusions of law thereon. CR 52.01. Although a request that the court find the facts is not necessary, its duty to find same was called to the lower court's attention by motion of appellants. The order overruling such motion on the theory that the written opinion satisfied the requirements of Rule 52.01 is erroneous, since the opinion is merely a dissertation, intercalated with biblical quotations, on how the members of a congregation should conduct themselves. It bears no resemblance to the findings of fact required by the rule.

Regardless of what the lower court might or should have found with respect to which of the factions represents a majority of the church membership or as to which faction was adhering to the fundamental doctrines of the church advocated and practiced at the time of its creation, the judgment apportioning the use of the church is erroneous, and in the absence of any findings of fact it is impossible for us to now say to which faction ownership and exclusive use of the church property should be decreed.

The judgment of the lower court is reversed and this cause is remanded for further proceedings in conformity herewith.