**STANDARD FARM STORES, Appellant,**

v.

**Logan DIXON et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 14, 1960.

Terry L. Hatchett, Glasgow, for appellant.

Hatcher & Lewis, Elizabethtown, Brents Dickinson, Cecil C. Wilson, Glasgow, Cass R. Walden, Edmonton, for appellees.

CLAY, Commissioner.

This suit presents a long drawn out controversy over the settlement of accounts between appellant Standard Farm Stores and the E'Town Gas Company, the latter represented by its assignees Dixon and Heady, appellees. The other appellee, Davis, is a former manager of appellant. For reasons hereafter noted, we are unable to decide the case on its merits and therefore will remand it.

The Gas Company was a wholesaler of bottled gas, the appellant a retailer. In 1948 the two companies began to do business with each other. The arrangements between the two were negotiated by appellant's employee and manager Davis. He entered into certain contracts with the Gas Company involving the purchase of gas cylinders and refills which provided for rebates to him. The officers of appellant knew nothing about the secret arrangements between the Gas Company and Davis whereby he was making a private profit out of the business of his employer. It was not discovered until Davis was discharged in 1951, when apparently other phases of his stewardship were questioned. Subsequently appellant deducted from bills payable to the Gas Company certain amounts representing Davis' agreed rebate and other alleged overcharges.

This suit was commenced by appellees as assignees of the Gas Company to recover approximately $2,000, represented by the deductions appellant had taken on the bills for gas. Additional relief was also sought. Appellant counterclaimed for the rebate paid Davis and other alleged items of overcharge. Davis was later brought into the suit and judgment prayed against him. It appears from this record that a fraud was perpetrated on appellant by the Gas Company and Davis to the extent that either the Gas Company or Davis, or both, profited at the expense of appellant.

The judgment appealed from denied appellees their $2,000 claim for unpaid bills, adjudged appellant should pay appellees $750 for certain cylinders on hand (title to which had been transferred to the Gas Company by another secret agreement of

Davis executed in 1950), and gave appellant judgment against Davis for $1,449.50 (the amount of alleged overcharges of fifty cents per gas refill retained by him). Appellant claims it should have been allowed approximately $8,000; appellees by an attempted cross appeal claim the allowance of $750 was too little; and Davis in his brief says no judgment should have been given against him.

■ Appellees' cross appeal may not be considered because it was not perfected as required by CR 74 and RCA 1.080. Davis' contention cannot be considered because he has not appealed from the judgment.

We are still unable to determine the correctness or incorrectness of the judgment. No preliminary rulings are in controversy here, and the only issue presented is whether or not the awards constituted a proper adjudication of the legal rights of the respective parties established by proven facts. We cannot decide this question for the simple reason that there is not a single finding of fact or conclusion of law in this entire record upon which the judgment could be based. (There is one finding of fact in the Master Commissioner's report but the judgment did not follow the Commissioner's legal conclusion based on this finding.)

CR 52.01 is most explicit in requiring the court, when trying a case without a jury or with an advisory jury, to "find the facts specifically and state separately its conclusions of law thereon." This requirement has a most salutary purpose. See Clay, CR 52.01, Comment 2 (page 463).

Compliance with the Rule has been held mandatory for plainly stated reasons in Fleming v. Rife, Ky., 328 S.W.2d 151. This is the view of the federal courts. Smith v. Dental Products Co., 7 Cir., 168 F.2d 516, and Maher v. Hendrickson, 7 Cir., 188 F.2d 700. In a certain type of case, of which this is not one, findings and conclusions may be unnecessary. See Louisville Railway Company v. Louisville Area Transport Workers Union, 312 Ky. 657, 228 S.W.2d 652.

■ Without knowledge of the ultimate facts which the trial court may have found from this voluminous record, and without a clear understanding of the court's legal conclusions, we are unable to determine the basis of its decision and whether or not error was committed. Under such circumstances we cannot intelligently either affirm or reverse the judgment. Without the findings and conclusions required by CR 52.01 it is not, however, a proper judgment and therefore we are impelled to vacate it. See Hatfield v. Derossett, Ky., 325 S.W.2d 84, and Johnson v. United States, 5 Cir., 256 F.2d 849.

The judgment is vacated and the cause remanded to the circuit court with directions to: (1) reconsider the entire controversy on the existing record, (2) make specific findings of fact and conclusions of law, and (3) enter a new judgment in conformity with the required findings and conclusions. The costs on appeal shall be divided equally between the parties to this appeal.