**J. P. PERRY, Appellant,**

v.

**J. M. McLEMORE, Appellee.**

Court of Appeals of Kentucky.

Feb. 10, 1967.

Rehearing Denied May 19, 1967.

Hicks & Lovelace, Albany, for appellant.

John A. Sloan, Albany, Harlan E. Judd, Burkesville, for appellee.

PALMORE, Judge.

In 1959 and 1960 J. P. Perry and J. M. McLemore were jointly engaged in the ac-

quisition and development of oil and gas interests in Cumberland County, Kentucky, during the course of which they purchased as tenants in common a 130-acre farm. Eventually they fell out, and Perry brought this suit against McLemore for a sale of the farm and division of the proceeds. By counterclaim McLemore sought an accounting for various sums advanced by him to Perry and demanded recovery of $9,000 as damages for a fraud allegedly perpetrated upon him by Perry in the sale of a one-fourth working interest in the Earl Crawford leasehold.

Following a trial without a jury the court entered a judgment directing a sale of the farm and division of the proceeds and awarding McLemore $9,000 on his counterclaim. Perry appeals, submitting but one ground for reversal, which is that the trial court did not make findings of fact and conclusions of law as required by CR 52.01.

Perry did not take any action in the circuit court in the nature of a request for findings, either before or after entry of the judgment. He moved for a new trial on three grounds, (1) error in the admission of a deposition, (2) error in the admission of incompetent testimony, and (3) error in awarding McLemore $9,000 on his counterclaim, "representing the purchase price paid for an undivided ¼ interest in the Earl Crawford oil and gas leasehold, without providing for the diminution of the same, by the amount of the value of ½ of the oil runs and equipment, received by the Defendant, constituting unjust enrichment of the Defendant." None of these grounds is pursued on the appeal.

The pertinent language of CR 52.01 is as follows:

"In all actions tried upon the facts without a jury * * * the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment * * *. Requests for findings are not necessary for purposes of review."

For the reasons indicated in Clay's Kentucky Practice, CR 52.01, Comment 3, the requirement of factual findings and conclusions of law is mandatory. The rule expressly provides that the requirement does not depend upon a request. Failure to comply with it is an error. Cf. Maher v. Hendrickson, 188 F.2d 700, 702 (7 Cir. 1951); Fleming v. Rife, Ky., 328 S.W.2d 151 (1959); Standard Farm Stores v. Dixon, Ky., 339 S.W.2d 440 (1960). Nevertheless, it is not in all cases that the error must or will result in a remand of the proceedings for compliance.

"The duty of the trial court to make findings of fact should be strictly followed. But such findings are not a jurisdictional requirement of appeal which this court may not waive. Their purpose is to aid appellate courts in reviewing the decision below. In cases where the record is so clear that the court does not need the aid of findings it may waive such a defect on the ground that the error is not substantial in the particular case. That is the situation here." Hurwitz v. Hurwitz, 78 U.S.App.D.C. 66, 136 F.2d 796, 799, 148 A.L.R. 226, 229 (1943).

Had the judgment awarded McLemore any sum other than $9,000 it would not suffice for purposes of a review without findings of fact and conclusions of law, because an appellate court could have no way of determining from the record which of the several claims were allowed and to what extent. As it is, however, not only was there an identifiable claim in precisely that amount, and no other claim in the same amount, but Perry's own motion for new trial identifies it as being the one allowed, and allowed in full, by the judgment. The relief sought by Perry's complaint was granted, and McLemore's demands for recovery by way of an accounting were in effect denied. Hence the record was sufficiently intelligible for an effective review and for purposes of res judicata.

The judgment is affirmed.

All concur.