**Elmo JENKINS, Appellant,**

v.

**Linda Mae JENKINS, Appellee.**

Court of Appeals of Kentucky.

Feb. 20, 1970.

Damon A. Vaughn, Madisonville, for appellant.

Farland Robbins, Mayfield, for appellee.

EDWARD P. HILL, Chief Justice.

This is the "question presented" in this divorce and alimony case: "Do the court's findings of fact furnish the Court of Appeals with a satisfactory basis upon which to determine the propriety of the court's award to the defendant?"

Appellant demands that this case "should be remanded for proper procedure in the circuit court."

Before getting into the question of the sufficiency of or the need for a finding of fact in this case, we review the history of this tragedy.

The marriage of the parties lasted from 1935 to 1959. Three children were born of their marriage; the youngest one was over eighteen years of age when judgment was entered.

Appellant, plaintiff in the circuit court, sued for divorce on the ground of five years' separation. Appellee answered demanding divorce on the ground of cruel and inhuman treatment. Judgment was entered granting divorce to both parties, but finding that plaintiff was at fault in causing the separation. Appellee was awarded monthly alimony of $85 and the home in Mayfield, held jointly by the parties, and on which two mortgages existed. The equity of both parties in this home was no more than about $135.23. We are told in appellant's brief that appellant's debts exceed his assets by over $5,000.

Judgment was entered December 20, 1967. No findings of fact were made or entered by the circuit court. However, on September 17, 1969, on motion of appellee, the circuit court made what it designated "supplemental findings" of fact which have been tendered as a part of the record on this appeal.

Appellant does not say in so many words that he has been prejudiced by the failure of the circuit court to make findings of fact. Indeed, a reading of appellant's brief would, we think, convince a fair-minded reader that the judgment appealed is not at all unreasonable or unjust. Also, the facts are virtually undisputed in view of appellee's testimony that she knew nothing of appellant's earnings, his debts, or net worth, and the fact that the only evidence on these issues was supplied by the appellant himself. Nevertheless, appellant would have this court reverse or remand the case to the circuit court where a finding of fact may be entered.

By CR 52.01 it is unmistakably required that "[i]n all actions tried upon the facts without a jury or with an advisory jury, *the court shall* find the facts specifically and state separately its conclusions of law thereon," and that "[r]equests for findings are not necessary for purposes of review." (Our emphasis) We have upheld this rule in Qualls v. Qualls, Ky., 384 S.W.2d 326, and Perry v. McLemore, Ky., 414 S.W.2d 141.

Yet in *Perry*, supra, this court said at page 142:

"For the reasons indicated in Clay's Kentucky Practice, CR 52.01, Comment 3, the requirement of factual findings and conclusions of law is mandatory. The rule expressly provides that the requirement does not depend upon a request. Failure to comply with it is an error. Cf. Maher v. Hendrickson, 188 F.2d 700, 702 (7 Cir. 1951); Fleming v. Rife, Ky., 328 S.W.2d 151 (1959); Standard Farm Stores v. Dixon, Ky., 339 S.W.2d 440 (1960). Nevertheless, it is not in all cases that the error must or will result in a remand of the proceedings for compliance.

" 'The duty of the trial court to make findings of fact should be strictly followed. But such findings are not a jurisdictional requirement of appeal which this court may not waive. Their purpose is to aid appellate courts in reviewing the decision below. In cases where the record is so clear that the court does not need the aid of findings it may waive such a defect on the ground that the error is not substantial in the particular case. That is the situation here.' Hurwitz v. Hurwitz, 78 U.S.App.D.C. 66, 136 F.2d 796, 799, 148 A.L.R. 226, 229 (1943)."

In the instant case, as noted above, there was no conflict in the evidence as to appellant's earnings, his debts or his assets, he having supplied all this information after the wife, appellee herein, testified she knew nothing of those matters. Obviously this court finds no great necessity for a finding of fact. They are undisputed. While it would be a little less trouble to get those facts in a "finding of fact" by the trial court, there is not presented such a difficulty or inconvenience as would prevent the court from waiving the requirement.

Incidentally, more than 20 months after judgment was entered in the trial court the trial judge attempted to prepare and enter what he designated "supplemental findings of fact," which have been tendered as a part of the record herein. Appellee argues that the trial judge may make such findings, even after the lapse of ten days after entry of judgment, and cites CR 60 and CR 62.01. In view of our waiver of the requirement it is really not necessary to answer this argument.

We are reminded by CR 61.01 that the court "at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

The judgment is affirmed.

All concur.