**CLARK MECHANICAL CONTRACTORS, INC., Appellant,**

**v.**

**KST EQUIPMENT COMPANY, Appellee.**

Court of Appeals of Kentucky.

Oct. 11, 1974.

David L. Beckman, William D. Becker, Becker & Beckman, Louisville, for appellant.

Edward L. Clark, Durward W. Maynard, Louisville, for appellee.

THOMAS B. SPAIN, Special Commissioner.

Appellee equipment company brought this suit for damages to its air compressor sustained in a highway accident while the compressor was being towed by the appellant contractor, who was in possession and control of the air compressor under a rental agreement with the appellee.

The compressor had been initially picked up by an employee of the contractor at the equipment company's place of business in

Jefferson County on the morning of March 31, 1971. The compressor, which weighed approximately 3,000 pounds, was mounted on its own two-wheeled trailer assembly. It was towed that day by a ¾-ton truck owned by the contractor and driven by the contractor's employee. The trailer had been attached to the ¾-ton truck by an employee of the equipment company. Upon arriving on the job site at the Rutherford School, the compressor was disconnected from the ¾-ton truck and was used all day.

On the following day, two of the contractor's employees hitched the air compressor trailer to a two-ton truck of the contractor's. The truck was equipped with a piece of channel iron attached to the frame of the truck. The channel iron had a hole near the end of it to which a trailer could be hitched. The air compressor trailer was equipped with an A-frame type tongue with a ring at the end. The two vehicles were hitched together by means of a threaded bolt to which a plate was welded. The bolt was run through the ring of the air compressor tongue, then through the hole in the channel iron and two nuts were placed onto the bottom of the bolt. The nuts were tightened with wrenches, then were locked together with wrenches.

While an employee of the contractor was towing the air compressor from the Rutherford School site toward Frankfort, Kentucky, on Interstate 64, about four miles from Frankfort, the air compressor was damaged. The driver had noticed nothing unusual until after he had crossed an overpass bridge. At that point, the hitch bolt either was sheared or was jostled loose and a wheel came apart on the compressor trailer. There is no agreement as to which of these events occurred first. The bolt could not be found after the trailer came loose from the truck and was damaged when it struck a guard rail.

The day following a trial without a jury, the court entered a judgment awarding the plaintiff equipment company $3,087.00 as damages to be paid by the defendant contractor.

Within three weeks the defendant contractor filed its notice of appeal. At this point, the record contained no finding of fact or conclusion of law nor any opinion or memorandum of decision of the court.

During the following three months, the attorneys were engaged in preparing a narrative statement of the evidence to file in the record since there was no reporter's transcript. Attorneys for the appellant filed one narrative statement to which attorneys for appellee subsequently filed objections and proposed amendments. These finally were ruled on by the trial judge and a narrative statement of the evidence was settled and approved on June 12, 1972. On June 15, 1972, the trial judge filed in the record a short "conclusion of law."

Appellant seeks reversal of the judgment, insisting that the court erred in not finding that the equipment company should bear the responsibility of damages to the air compressor on the grounds that it was defective and unsuited to the purpose for which it was rented to appellant.

Secondly, appellant maintains that even if it is conceded in a bailment case such as this, that there is a *prima facie* presumption of negligence against the bailee, here the bailee overcame the presumption and proved that as a matter of law the bailee was free of negligence.

A review of the evidence indicates that the cause of the accident and resulting damage to the air compressor was not conclusively established. It may have been that the bolt holding the trailer to the truck was negligently fastened by employees of the contractor-bailee; likewise the bolt may have sheared in two from unknown causes. It is even quite possible that the cause was the separation of the air compressor's tire and rim from the hub. In any event, the trial court heard the evidence of all the witnesses and concluded that the appel-

lant-bailee had not overcome the presumption of liability arising out of the fact that the bailed property was damaged while it was in the possession and control of the bailee. See D. H. Overmyer v. Hirsch Bros. & Co., Ky., 459 S.W.2d 598 (1970), and Welch v. L. R. Cooke Chev., 314 Ky. 634, 638, 236 S.W.2d 690 (1951). We are not prepared to say that the trial judge erred as the finder of fact.

Finally, appellant insists that the judgment should be reversed and the proceeding should be remanded because of the failure of the trial court to make findings of fact and conclusions of law prior to judgment.

 While it is true that CR 52.01 requires the trial court in all actions tried on the facts without a jury to make findings of fact and conclusions of law, and while it is also true that the failure of the trial court to do so is error (reviewable on appeal if properly raised under CR 52.04), it is nevertheless true that not all cases must be reversed and remanded because of such error.

"The duty of the trial court to make findings of fact should be strictly followed. But such findings are not a jurisdictional requirement of appeal which this court may not waive. Their purpose is to aid appellate courts in reviewing the decision below. In cases where the record is so clear that the court does not need the aid of findings it may waive such a defect on the ground that the error is not substantial in the particular case. This is the situation here. Hurwitz v. Hurwitz, 78 U.S.App.D.C. 66, 136 F.2d 796, 799, 148 A.L.R. 226, 229 (1943)." Perry v. McLemore, Ky., 414 S.W.2d 141.

 The above-quoted rule was also applied in Jenkins v. Jenkins, Ky., 450 S.W. 2d 816 (1970). Here, as there, this court finds no great necessity for findings of fact since, . . . "there is not present-

ed such a difficulty or inconvenience as would prevent the court from waiving the requirement."

The judgment is affirmed.

All concur.