**David SKELTON, Appellant,**

v.

**Craig ROBERTS, Appellee.**

Court of Appeals of Kentucky.

July 13, 1984.

Robert H. Jones, Louisville, for appellant.

William Swain, Jefferson K. Streepey, Louisville, for appellee.

Before HAYES, C.J., and COOPER and DUNN, JJ.

COOPER, Judge.

This is an appeal from a judgment for the appellee, defendant below, in an action on an indebtedness. On appeal, the princi-pal issue is whether the trial court erred, as a matter of law, in not issuing findings of fact and conclusions of law as required by CR 52.01. Reviewing the record below, we reverse and remand.

In January of 1982, the appellant, David Skelton, filed an action against the appellee, Craig Roberts, for $13,000 owed to him as a result of a promissory note signed by the appellee. At the time the appellee signed the note in November of 1980, he and the appellant had formed a Kentucky corporation, Craton Holding Company, and its wholly owned subsidiary Kalyn Management Company. The appellee filed an answer, denying the substantive allegations contained in the complaint. Nevertheless, the trial court subsequently entered a summary judgment for the appellant in the amount of $11,700. Thereafter, the trial court set such judgment aside.

The action was then tried by the trial court without a jury, pursuant to CR 52.01. A judgment was entered for the appellee, dismissing the appellant's complaint with prejudice. No separate findings of fact or conclusions of law were entered. Thereafter, the appellee filed a motion to require the trial court to issue findings of fact and conclusions of law pursuant to CR 52.01. Additionally, in a motion to vacate the trial court's judgment, the appellant moved the trial court to issue findings of fact and conclusions of law. The trial court overruled such motions, indicating that the findings were dictated within the record. It is from such judgment that the appellant now appeals.

Although the trial court indicated that the findings dictated in the record at the conclusion of the testimony were sufficient to enable an appellate court to review its decision, we disagree. The language of CR 52.01 requires a trial court in all actions tried upon the facts without a jury, or with an advisory jury, to "find the facts specifically and state separately its conclusions of law thereon..." The language of CR 52.-01 is mandatory. *See Perry v. McLemore*, Ky., 414 S.W.2d 141 (1967).

Although the language of the Rule would allow a trial court to dictate, in the record, specific findings of fact and conclusions of law, such was not the situation herein. Here, the trial court failed to comply with the provisions of CR 52.01. A losing party is not to be deprived of a proper review as the result of a trial court's failure to record specific findings of fact and conclusions of law as required by CR 52.01. *See Elkins v. Elkins,* Ky., 359 S.W.2d 620 (1962).

The trial court is directed to vacate the judgment below and enter specific findings of fact and conclusions of law as mandated by the language of CR 52.01.

HAYES, C.J., concurs.

DUNN, J., dissents.

DUNN, Judge, dissenting.

I respectfully dissent for the reasons that follow.

My colleagues, although agreeing that the requirements of CR 52.01 permit rendering oral findings of fact and conclusions of law by dictating them into the record, concluded that in this instance the trial court did not comply with the provisions of CR 52.01. I disagree.

Here the trial court made a dictated record oral decision that embodied findings of facts and conclusions of law. While they were not labeled or compartmentalized as such, their rendition was, nonetheless, functionally accomplished. The fact that they are contained in their entirety in a one sentence paragraph does not destroy their functional character.

The trial court found all the ultimate facts necessary to render an appropriate legal conclusion when it commented:

> Based on the testimony of Mr. Skelton who testified that Mr. Roberts signed a promissory note for $13,000.00 for stock in Craton Holding Company, the Plaintiff himself stating the purpose of the $13,-000.00 note, and then the execution of the release wherein Mr. Roberts conveys that stock to Craton Holding Company, which at this point, of course, becomes a

> wholly owned company by Mr. Skelton, . . .

and it made the legal conclusion flowing from those ultimate facts when it continued in the same sentence:

> . . . I find for the Defendant.

Assuming arguendo that the above analysis is without sufficient merit to warrant deciding this appeal on its merits, I would not remand it for performance of what in this instance is a perfunctory task, albeit mandatory. *Perry v. McLemore, supra,* the majority's authority regarding the mandatory nature of the requirements of CR 52.01, also stands for the proposition that they may be waived on the ground that the resultant error is not substantial where the record on appeal is so clear that the reviewing court does not need the aid of separate findings of fact and conclusions of law. *See also Clark Mechanical Contractors, Inc. v. KST Equipment Company,* Ky., 514 S.W.2d 680 (1974).

That is the case here. Certainly the circumstances of the record in this case do not present such difficulty or inconvenience as would prevent this court from waiving the requirement.

The fact of the matter is, efforts to reduce the delay that today seems to be endemic to our judicial system dictate that on the trial court level in a bench trial, the oral decision dictated into the record embodying sufficient findings of fact and conclusions of law to satisfy the requirements of CR 52.01 should be encouraged and supported by this court, particularly so if they are designated as such by the trial court.

Under either point of view, since it is clear from the record that the judgment of the Jefferson Circuit Court is supported by substantial evidence, it is not clearly erroneous, and it should be affirmed.