John H. CRAIN, Joe Lee Crain, Morgan G. Crain and Houston W. Crain, Appellants,

v.

Ralph Curd DEAN, John G. Prather, Sr., Administrator with Will Annexed of Blanche Crane Waddle, Deceased, Appellees.

No. 87–SC–311–DG.

Supreme Court of Kentucky.

Nov. 5, 1987.

Rehearing Denied Jan. 21, 1988.

Robert E. Gillum, Somerset, for appellants.

David M. Andrews, Madalee Todd Molloy, Lexington, for appellee, Ralph Curd Dean.

John G. Prather, Jr., Somerset, for appellee, John G. Prather, Sr.

LAMBERT, Justice.

In this declaratory judgment action tried before the court, appellants were determined to be the paternal heirs of Blanche Crane Waddle and thus entitled to one-half of the intestate portion of her estate. The Court of Appeals reversed, holding that the trial court erred in admitting the testimony by deposition of two witnesses without finding the existence of one of the exemptions from live testimony set forth in CR 32.01(c). We granted appellants' motion for discretionary review and now consider whether the claimed error was preserved for appellate review and whether the absence of a CR 32.01(c) finding automatically renders the testimony inadmissible.

John G. Prather, Sr., Administrator with Will Annexed, brought this action to determine the decedent's heirs at law. Named as defendants were five persons and the "unknown heirs, if any, of Blanche Crane Waddle, deceased." [1] A warning order attorney was appointed to notify the non-resident defendants and those defendants designated as unknown heirs of the nature and pendency of the action. The warning order attorney vigorously performed his duties. He made local inquiry, examined the decedent's personal records, obtained information from national geneological services, took depositions, and pursued other avenues in an effort to learn whether the decedent had any paternal heirs, and if so,

---

**1.** The decedent's maternal heirs were named in the complaint and no issue has been raised as to their entitlement to inherit. The dispute is whether the decedent had paternal heirs. Dean's interest and opposition arises as a result of KRS 391.010(6) and KRS 391.030(1).

who and where they were. Among the depositions taken, with appellee Dean being represented by counsel, were those of John G. Prather and Laura Johnson. The admissibility of their testimony by deposition is the underlying issue in this case.

Mr. Prather testified that he is an attorney in Somerset, Kentucky, and has practiced law since 1947. Ms. Johnson testified that she lives in Louisville, Kentucky, and that she is employed by the Masonic Widows and Orphans Home as a records custodian. The record is without any evidence to contradict this testimony given by Mr. Prather and Ms. Johnson.

In due course, appellants sought and were granted leave to intervene in the action. They alleged that they were the decedent's sole paternal heirs. After completion of pre-trial proceedings and entry of a final pre-trial order in which the court identified the issue to be tried as "the paternal relationship, if any of the defendants," the case was set for trial before the court.

At trial, appellants called Morgan Crain as their only live witness. They also moved the court to admit into evidence the entire court record which included the testimony by deposition of Mr. Prather and Ms. Johnson. Appellee Dean objected, but his objection was overruled, and thereafter, the court rendered its findings of fact, conclusions of law, and judgment. The substantive findings of fact were based largely on the testimony by deposition, but nowhere was there a finding of fact which would support an exemption from live testimony.

Appellants contend that pleadings and deposition notices in the record, testimony in the depositions, and judicial notice allow the trial court to admit the Prather and Johnson depositions into evidence. Appellee Dean responds that the trial court's

failure to "find" the existence of one or more of the exemptions from live testimony set forth in CR 32.01(c) renders the testimony by deposition inadmissible.

■ At the outset, we observe that the objection at trial to the admission of the testimony by deposition is vague. It was made during a colloquy between counsel for the parties and the court as to whether appellants had rested their case prior to offering the depositions into evidence and if so, whether the court should permit appellants' case to be reopened.[2] The trial court ruled that the depositions were admissible and appellee Dean did not object to the absence of a CR 32.01(c) finding. At most, there was a passing comment about witness unavailability but this referred to another deposition in the record. The other deposition does not appear to have been considered by the court and its admissibility has never been at issue.

■ Even though appellee Dean objected to the testimony by deposition, he did not inform the court of the grounds for his objection. CR 46. On request, a party must state the grounds for his objection or request and inform the court of its actual basis. If a party chooses to state grounds in the absence of a request from the court, he is bound thereby. The reasons for this rule are well stated in Bertelsman and Philipps, *Kentucky Practice*, 4th ed., Vol. 7, Rule 46, page 156, as follows:

It may well protect the trial court from committing error and will furnish a proper basis to correct that court on review when it has committed error. It prevents the entrapment of the trial court by a general objection when there is a specific and valid ground therefor which, though not considered, the objecting party subsequently may wish to urge on appeal. It should not be permissible to

---

**2.** Whether appellants had rested and whether the trial court abused its discretion in permitting them to reopen the case is not an issue before us. The Court of Appeals resolved this question in favor of appellants as follows:

We agree with appellees (appellants herein) that the reopening of their case created no surprise and caused no prejudice. No injustice was done to any party. The trial judge

did not abuse his discretion by permitting appellees to reopen the case before judgment. As appellee Dean did not file a cross-motion for discretionary review, we may not consider this issue. Likewise, those issues resolved against appellee in the Court of Appeals and issues raised but not addressed by the Court of Appeals may not be considered. CR 76.21.

frame an objection that it will serve to save a question on appeal and yet conceal the real complaint from the trial court. The objection appears to have been based solely on the contention that appellants had rested their case and should not be permitted to reopen. The Court of Appeals erred in reversing on an issue not squarely presented to the trial court, in effect dispensing with the requirements of CR 46.

█ Notwithstanding the failure to make a proper contemporaneous objection, as this was a trial before the Court, the alleged error would have been subject to correction by a post-judgment motion pursuant to CR 52.04. In its findings of fact, the trial court clearly demonstrated that the deposition testimony of Mr. Prather and Ms. Johnson was essential to the judgment. Equally evident was the absence of any written finding that Mr. Prather was a lawyer and that Ms. Johnson was at a greater distance than 100 miles from the place where the court sits. Nevertheless, no post-judgment request for additional findings of fact (CR 52.04) or post-judgment motion for amended or additional findings (CR 52.02) was filed. This constitutes a waiver and precludes appellate review. CR 52.04, and *Cherry v. Cherry*, Ky., 634 S.W.2d 423 (1982).

█ Aside from the procedural omissions addressed herein, and being mindful of CR 32.01(c) and CR 52.01, we note that not all deficiencies in fact-finding require reversal or remand. In *Clark Mechanical Contractors, Inc. v. KST Equipment Co.*, Ky., 514 S.W.2d 680 (1974), this Court held that facts in the record may be so clear that the reviewing court will not require findings; and in *Jenkins v. Jenkins*, Ky., 450 S.W.2d 816 (1970), we held that despite the trial court's failure to follow CR 52.01, where facts were undisputed, a failure to make findings thereof should be disregarded as harmless error. CR 61.01. This view is appropriate to the case at bar. The facts in question were uncontroverted and unrelated to the merits of the controversy. The trial court's failure to make findings was not prejudicial.

By its decision, the Court of Appeals would exclude substantial probative evidence for failure of the trial court to make a preliminary finding, the omission of which was not even brought to its attention. The outcome of litigation should not turn on such a trivial matter without even a remand to the trial court to afford an opportunity to make correction.

The decision of the Court of Appeals is therefore reversed and the judgment of the trial court reinstated.

All concur.