Kenneth BROWN, Appellant,

v.

Wayne SHELTON, Appellee.

No. 2004–CA–000282–MR.

Court of Appeals of Kentucky.

Dec. 30, 2004.

Anne W. Miller, O'Koon Hintermeister, PLLC, Louisville, KY, for Appellant.

Ilam E. Smith, Pedley Zielke Gordinier & Pence, PLLC, Louisville, KY, for Appellee.

Before TACKETT, TAYLOR, and VANMETER, Judges.

## OPINION

TAYLOR, Judge.

Kenneth Brown brings this appeal from a January 9, 2004, Judgment of the Jefferson Circuit Court. We reverse and remand.

The underlying dispute involves a claim for damages stemming from an alleged breach of a commercial lease. Appellee initially filed a forcible detainer petition in the Nelson District Court, and an order of eviction issued therefrom. To recover unpaid rent, appellee then instituted this action in the Jefferson Circuit Court. Thereafter, appellee moved for summary judgment; however, the court denied same by order entered October 17, 2003. Ky. R. Civ. P. (CR) 56.

The action was subsequently tried by the court without a jury on December 5, 2003. CR 39.02. After appellee's presentation of evidence but before appellant had presented his case, appellee moved for directed verdict under CR 50.01. The court granted the motion, and judgment in favor of appellee was entered on January 9, 2004. This appeal follows.

■ Appellant's sole contention is that the circuit court erred by granting a directed verdict. We must agree.

■ We initially emphasize that a directed verdict is clearly improper in an action tried by the court without a jury. *Morrison v. Trailmobile Trailers, Inc.*, Ky., 526 S.W.2d 822 (1975)(holding that a directed verdict is improper in a bench trial); *see also*, 7 Kurt A. Philipps, Jr., *Kentucky Practice*, CR 50.01 cmt.5 (5th ed.1995). In an action tried by the court without a jury, the appropriate procedural mechanism for early dismissal is found in CR 41.02(2), which reads:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the

close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52.01.

Under the plain terms of CR 41.02(2), a **defendant** may move for dismissal at the close of plaintiff's presentation of evidence during a bench trial. We view the scope of CR 41.02(2) as being narrowly limited to dismissal in favor of a defendant. As such, CR 41.02(2) cannot be read as providing the procedural mechanism for a judgment in favor of a plaintiff at the close of plaintiff's presentation of evidence. Our interpretation of CR 41.02(2) is consistent with recent dictum of the Kentucky Supreme Court in *Moore v. Asente*, Ky., 110 S.W.3d 336 (2003):

> By labeling his motion one for "judgment of the pleadings" the Asentes' counsel likely misspoke. More than likely, the Asentes' lawyer was moving for an involuntary dismissal under CR 41.02(2), which is similar to a motion for a directed verdict, CR 50.01, but utilized in actions "tried by the court without a jury...." CR 41.02(2). Although a trial court may grant judgment for *the defendant* [under CR 41.02(2)] if "upon the facts and the law the plaintiff has shown no right to relief," a judgment for *the plaintiff* would not be appropriate at this point in the proceedings because the defendant has not yet completed his proof.

*Id.* at 345 n. 17 (citations omitted).

In sum, we hold a directed verdict under CR 50.01 is improper in a trial by the court without a jury. CR 41.02(2) governs an action tried by the court without a jury. Under the provisions of CR 41.02(2), a defendant may move for dismissal after plaintiff's presentation of evidence; however, a plaintiff may not move for judgment after his presentation of evidence. Accordingly, we are of the opinion the circuit court erred by granting a directed verdict in favor of appellee.

■ We additionally observe that CR 52.01 requires the court to make specific findings of fact and separate conclusions of law before rendering judgment in a bench trial. *Skelton v. Roberts*, Ky.App., 673 S.W.2d 733 (1984). The language found in this rule is mandatory. *Id.; Standard Farm Stores v. Dixon*, Ky., 339 S.W.2d 440 (1960). Here, the trial court made no findings of fact or conclusions of law. On retrial, the court should make specific findings of fact and conclusions of law as required by CR 52.01.

For the foregoing reasons, the Judgment of the Jefferson Circuit Court is reversed and this cause is remanded for proceedings not inconsistent with this opinion.

ALL CONCUR.