OLDHAM FARMS DEVELOPMENT, LLC, Appellant,

v.

OLDHAM COUNTY PLANNING AND ZONING COMMISSION; Charles A. Mays, Harriet P. Mays, Richard Camejo, Rae Anne Roley, Rich Roley, Karen Oliver, Dennis Oliver, Kenneth Gustafson, Thomas Steinbock, and Lisa Steinbock; Springhill Trace Homeowners Association, Inc., Appellees.

No. 2006–CA–000079–MR.

Court of Appeals of Kentucky.

June 29, 2007.

Rehearing Denied Aug. 24, 2007.

William B. Bardenwerper, John Bissell Roberts, Jr., Clifford H. Ashburner, Bardenwerper, Talbott & Roberts, PLLC, Louisville, for appellant.

John G. Carroll, Jennifer Hatcher, Ackerson & Yann, P.L.L.C., Louisville, for appellee Oldham County Planning & Zoning Commission.

D. Berry Baxter, Courtney Tigue Baxter, Barry Floyd & Baxter, LaGrange, for appellees Springhill Trace Homeowners Association Inc.

Before ACREE, KELLER, and LAMBERT, Judges.

## OPINION

LAMBERT, Judge.

This land development case arises from Oldham Farms' application to subdivide 271 acres of real property in Oldham County into 446 residential lots. Several neighbors residing on adjacent land have opposed Oldham Farms' plan. After the Oldham County Planning and Zoning Commission conducted a public hearing on the application, it refused to allow the subdivision. On appeal, the circuit court affirmed the Planning Commission's ruling.

## Legal Standards

■ The courts review a decision of an administrative agency, such as the Oldham County Planning and Zoning Commission, solely to insure that its rulings are not arbitrary, capricious, or unreasonable. *See City of Louisville v. McDonald,* 470 S.W.2d 173, 178–79 (Ky.1971); *Hougham v. Lexington–Fayette Urban County Government,* 29 S.W.3d 370, 373 (Ky.App. 1999). In this administrative-law context, the courts frequently use the terms "arbitrary," "capricious," or "unreasonable," interchangeably. *E.g., Ridge Realty Co. v. Oldham County Planning and Zoning Com'n,* 497 S.W.2d 432, 432 (Ky.1973). Moreover, an agency's decision is deemed reasonable if it is supported by substantial evidence. *See McDonald,* 470 S.W.2d at 179. Substantial evidence is evidence having sufficient probative value to convince a reasonable person. *See Martin Marietta Materials Inc. v. Boone Co. Fisc. Court,* 89 S.W.3d 428, 430 (2002). The fact that the evidence before an agency would allow alternative reasonable decisions does not give a reviewing court the right to substitute its judgment for that of the agency. *E.g., Kentucky State Racing Commission v. Fuller,* 481 S.W.2d 298, 309 (1972). We do not review Commission decisions *de novo. E.g., Minton v. Fiscal Court of Jefferson Co.,* 850 S.W.2d 52, 55 (Ky.App. 1992).

## Analysis

## I.

### Reasonableness

■ Evidence adduced at the Planning Commission's hearing on Oldham Farms' subdivision application indicates that the application fails to meet certain requirements set out in applicable Oldham County subdivision regulations regarding traffic flow. Indeed, the Planning Commission found that certain roads adjoining or adjacent to the proposed subdivision were inadequate to sustain the expected average daily traffic generated by 499 new residences. Bob Kennedy, a traffic engineer with 30 years of professional experience, including many years of service as the Lexington–Fayette Urban–County Government's transportation manager, testified that Oldham Farms' subdivision plan violates the spirit and intent of Oldham County's traffic regulations. This expert testimony alone, notwithstanding any rebuttal by Oldham Farms, constitutes sub-

stantial evidence supporting the Commission's findings and ruling as the Planning Commission is perfectly entitled to give credence to Mr. Kennedy's evidence. It also demonstrates that the circuit court's conclusion that the Planning Commission's decision to deny Oldham Farms' subdivision plan is "reasonable," which is to say not arbitrary or capricious.

## II.

### Unpreserved Issues

■ In its brief, Oldham Farms also complains that the circuit court failed to address the issues (1) whether the Planning Commission's powers are discretionary or ministerial; (2) whether the Planning Commission had authority to consider the Oldham County Comprehensive Plan in reaching is decision regarding subdivisions; and (3) whether the Planning Commission's minutes of the hearing below are accurate. But as noted by the appellees in their documents, the failure of Oldham Farms to insist upon a ruling by the circuit court on these issues means that they are not properly preserved for our review. *Cf., e.g., Dillard v. Commonwealth,* 995 S.W.2d 366, 371 (Ky.1999) (applying criminal analogue of civil preservation rules). Indeed, under CR 52.04, on appeal a party may not be heard to complain about the absence of a trial-court ruling unless the failure to rule was brought to the attention of the trial court in writing. *See Abuzant v. Shelter Ins. Co.,* 977 S.W.2d 259, 260 (Ky.App.1998); *Crain v. Dean,* 741 S.W.2d 655, 658 (Ky.1987). And here, Oldham Farms acknowledges that it did not do so. We also find that Oldham Farms' attempt to excuse itself from the requirements of CR 52.04 on the ground that CR 52.01 applies only to cases involving bench or advisory jury trials to be without merit because the question here is not whether CR 52.01 applies, but rather whether CR

52.04 does. And by its own terms, CR 52.04 categorically governs "judgments" of a trial court without qualification. Thus, we decline to reach the aforementioned claims in the first instance.

## III.

### Conclusion

For the foregoing reasons, we hold that the Oldham County Planning and Zoning Commission's decision to reject Oldham Farms' subdivision proposal was reasonable and therefore neither arbitrary nor capricious. Moreover, we find the remainder of Oldham Farm's claims of error unpreserved for review. We therefore affirm the judgment of the circuit court in this matter.

ALL CONCUR.