RENDERED: MARCH 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0996-MR

MIKE STACY, II                                                                    APPELLANT

v.
APPEAL FROM PIKE CIRCUIT COURT
HONORABLE EDDY COLEMAN, JUDGE
ACTION NO. 20-CI-01217

WILLIAM I. STACY AND
GENEVIVE J. STACY                                                      APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, McNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Mike Stacy, II, brings this appeal from a June 30, 2021,
Findings of Fact, Conclusions of Law and Judgment of the Pike Circuit Court
rescinding a deed that conveyed certain real property from William I. Stacy and
Genevive J. Stacy to Mike Stacy, II. We affirm.

The relevant underlying facts were set forth by the circuit court as
follows:

1.  [William and Genevive], natural grandparents of the Defendant, Mike, adopted him and raised him from infancy.  The Plaintiff, William I. Stacy[,] is 77 years of age, has been married to the other Plaintiff [Genevive] for 55 years and has very limited reading skills.  He went to the second or third grade in school.

2.  About 18 years ago [William and Genevive] acquired the subject property, lived in an older house on it, built a newer house and moved to it and turned the old house over to [Mike].

3.  The night before the deed which is the subject of this action was executed, the Plaintiff[,] William Stacy[,] approached [Mike] with his decision to provide [Mike] with a deed to the old house, with [William and Genevive] keeping the new house for a place to live. [Mike] asked for all the property to be deeded to him with the promise to [William and Genevive] that they could live there as long as you live.  It was then agreed that [Mike] would be deeded the entire place with [William and Genevive] reserving a lifetime interest for each of them.  [William and Genevive] testified and the Court believes that the parties discussed the agreement for [William and Genevive] to live on the property during their life in the car ride to the attorney's office the next day.  At all discussions mentioned in the evidence, including the night before the deed, and during the car ride on the way to Pikeville to prepare the deed, [William and Genevive] stressed the need and their understanding that any deed would reserve their right to live on the property.  The Court believes and finds that [William and Genevive] did not give this property to their child without consideration and including their only residence without intending to reserve a life estate.

4.  The parties came to town and a deed was prepared, without reservation of life interest, without right of power of rescission or revocation, and with no protection for [William and Genevive] from the eviction which [Mike]

later sought, all unbeknownst to [William and Genevive] who said they had trusted [Mike] to see to having that put in the deed and did not read it. [Mike] readily admits a promise, at least orally, to [William and Genevive] that they could live there on condition that they keep the peace, not cause trouble and abide by the same restrictions his parents had put on him when they let him *live* in the old house.

5. The deed itself is of record in Deed Book 1061[,] Page 121, Pike County Court Clerk's Office, dated March 22, 2018. [William and Genevive] did not have a copy and only reviewed it in the clerk's office after receiving an eviction notice [from Mike].

June 30, 2021, Findings of Fact, Conclusions of Law and Judgment at 1-3.

On August 11, 2020, William and Genevive filed a complaint in the Pike Circuit Court against Mike. Therein, William and Genevive alleged that "[e]ither by mutual mistake, with neither party knowing the deed was incorrect, or because of mistake on the part of [William and Genevive] and misconduct or fraud on the part of [Mike], the deed as prepared and delivered did not reserve such a life interest." August 11, 2020, Complaint at 2. William and Genevive sought rescission and/or reformation of the deed.

The circuit court heard this matter without a jury. Kentucky Rules of Civil Procedure (CR) 52.01. By Findings of Fact, Conclusions of Law and Judgment entered June 30, 2021, the circuit court concluded that a "mistaken conveyance" occurred and the proper remedy was to rescind the deed that transferred the real property from William and Genevive to Mike without

-3-

reservation of a life estate for William and Genevive.  June 30, 2021, Findings of Fact, Conclusions of Law and Judgment at 5.  Thereafter, the court directed the Master Commissioner to "reconvey the property to [Mike], but to reserve in behalf of [William and Genevive] or the survivor a lifetime interest in the portion known to the parties as the 'new house[.]'"  June 30, 2021, Findings of Fact, Conclusions of Law and Judgment at 5.  This appeal follows.

To begin, when an action is tried by the circuit court without a jury, CR 52.01 requires the court to specifically set forth separate findings of fact and conclusions of law.  *Brown v. Shelton*, 156 S.W.3d 319, 321 (Ky. App. 2004).  CR 52.01 provides that "[f]indings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."  Following a bench trial, the circuit court entered detailed findings of fact and conclusions of law.  In our review, a finding of fact is not clearly erroneous if supported by substantial evidence.  *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003).  Substantial evidence is evidence that "has sufficient probative value to induce conviction in the mind of a reasonable person."  *Bishop v. Brock*, 610 S.W.3d 347, 350 (Ky. App. 2020).  Our review proceeds accordingly.

Mike asserts that the circuit court erred by rescinding the deed. More particularly, Mike believes the circuit court erroneously determined there was a mistake in the formation of the deed that provided the basis for rescission.

In Kentucky, it is well-established "that Courts will rescind a deed on evidence that is insufficient to warrant a reformation." *Struve v. Lebus*, 136 S.W.2d 554, 557 (Ky. 1940). A party seeking rescission must demonstrate either "a mistake on one side and unconscionable conduct on the other," or a mistake "of such a fundamental character that it was evident that the minds of the parties did not meet." *Id.* at 557. This long standing principal of law in Kentucky was discussed thoroughly in *Fields v. Cornett*, 70 S.W.2d 954, 957 (Ky. 1934).

In *Fields*, the seller sold the buyer a tract of real property consisting of approximately 200 acres with the covenants of general warranty. *Fields*, 70 S.W.2d 954. Thereafter, it was determined that the tract actually consisted of only 125 acres, and the coal and mineral rights had been previously severed. As the 125 acres actually conveyed consisted of unimproved mountainous terrain with no mineral estate, the *Fields* Court held that the mistake in the conveyance was of such a fundamental character that rescission of the deed was warranted. *Id.* Ultimately, the *Fields* Court rescinded the deed upon the basis of unilateral mistake as the minds of the parties did not meet.

In the case *sub judice*, it is uncontroverted that in March of 2018, William went to the old house to inform Mike that he had decided to convey the real property upon which the old house was located to Mike. William explained to Mike that William and Genevive would need to keep the new house so he and Genevive would have a place to live for the remainder of their lives. Mike then recommended to William that he should convey all of the real property to Mike with the promise that William and Genevive could live in the new house upon the property as long as they lived. William ultimately agreed he would deed the entire property to Mike but would reserve a life estate in the real property upon which the new house was located for himself and Genevive. The following day, Mike, William, and Genevive traveled to an attorney's office to have a deed prepared. The circuit court found that during the drive to the attorney's office, William again stressed to Mike the need to reserve the right of William and Genevive to live upon the property in the new house for the remainder of their lives. And, Mike admitted at trial that he promised William and Genevive that they could live on the property during their lifetime.

Based upon our review of the record, we conclude there was substantial evidence that a mistake occurred in the deed preparation and this mistake was of a fundamental character that evidences that the minds of the parties did not meet in this transaction. William and Genevive would not have conveyed

the property to Mike without reserving a life estate for each of them.  We agree with the circuit court that rescission of the deed was the proper remedy as the minds of the parties did not meet.  *See Fields*, 70 S.W.2d at 958.  Accordingly, we conclude there was substantial evidence of a probative value to support the circuit court's findings of fact and that the circuit court did not err as a matter of law in rescinding the deed.

We view any remaining contentions of error to be moot or without merit.

For the foregoing reasons, the Findings of Fact, Conclusions of Law and Judgment of the Pike Circuit Court is affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEES: |
|---|---|
| Brian Cumbo | Lawrence R. Webster |
| Inez, Kentucky | Pikeville, Kentucky |