RENDERED: APRIL 27, 2023
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2022-SC-0139-DG

JOE WIELAND; AND HOT RODS & BBQ, LLC           APPELLANTS

V.         ON REVIEW FROM COURT OF APPEALS
NO. 2021-CA-0534
HENRY CIRCUIT COURT NO. 18-CI-00171

DANA FREEMAN; FREEMAN'S KOUNTRY           APPELLEES
KORNER KAFE, LLC; AND BEN FREEMAN

**OPINION OF THE COURT BY JUSTICE KELLER**

**<u>AFFIRMING</u>**

Joe Wieland (Wieland) and Hot Rods & BBQ, LLC (Hot Rods) appealed from a Henry Circuit Court order that failed to rule upon their contract claim. The Court of Appeals affirmed the trial court's order, holding in part that Wieland and Hot Rods waived their unadjudicated claim under Kentucky Rule of Civil Procedure (CR) 52.04. Wieland and Hot Rods moved for discretionary review of the Court of Appeals Opinion. This Court granted discretionary review "solely with respect to the issue of whether the Movants waived their breach of contract claim." For the reasons stated below, we affirm the decision of the Court of Appeals on the limited issue of waiver.

## I.  BACKGROUND

The underlying facts of this appeal are largely irrelevant for our limited review. Wieland and Hot Rods signed a lease for a property owned by Dana Freeman, Ben Freeman, and their company, Kountry Korner Kafe (collectively, "the Kafe"). In the spring and summer of 2018, however, the relationship between the parties regarding the tenancy began to deteriorate. Wieland and Hot Rods filed suit against the Kafe, alleging wrongful eviction, breach of contract, and defamation. Our review is limited to the alleged waiver of Wieland and Hot Rods' breach of contract claim.

Wieland and Hot Rods' circuit court complaint alleges, in part, "The wrongful eviction, contract breach and tortuous [sic] conduct herein described were reckless, wanton, intended to cause damage to Plaintiffs and did in fact cause damage to Plaintiffs." Subsequently, in granting summary judgment to the Kafe on the wrongful eviction claim, the trial court wrote, "The Court agrees with Defendants that if this were a claim made for a breach of lease, there would be genuine issues of material fact." That Order was entered on September 14, 2020. It appears that the trial court was under the impression that Wieland and Hot Rods did not make a breach of contract claim. Wieland and Hot Rods then filed a motion to reconsider, alleging in part that the trial court had overlooked their contract claim. The motion points out that the trial court, in a previous order, stated, "Plaintiff [sic] argues that there was a breach of contract by Defendant."

2

Although the trial court denied Plaintiffs' requested relief, it acknowledged confusion regarding issues raised by Plaintiffs in their Complaint. In a subsequent order entered December 11, 2020, the trial court gave the parties thirty days to alert the trial court to matters, if any, that were still outstanding. Wieland and Hot Rods filed their response to the trial court's order on January 11, 2021. In their response, Wieland and Hot Rods asserted that their claim for breach of contract "is undeniable," while expressing confusion over whether the claim had been ruled upon by the trial court. Wieland and Hot Rods ultimately asked the trial court to make it clear whether their breach of contract claim remained pending before the trial court.

In April of 2021, the trial court entered an order dismissing Wieland and Hot Rods' defamation claims. In the order, the trial court erroneously noted that Wieland and Hot Rods did not respond to the court's previous Order requesting clarification of remaining issues.[1] The Order stated:

> It is of note that the Court entered an Order on December 10, 2020, in response to Plaintiffs' contention that more issues than defamation *per se* were pending before the Court. As the Court acknowledged some confusion as to issues raised by Plaintiffs in their Complaint, the Court requested both parties to tender to the Court within thirty days what matters were still considered outstanding. **Plaintiffs never responded to said order.** As the Court considers all issues resolved by this Order and the previous Order granting Defendants' Summary Judgment, this Order is final and appealable there being no just cause for delay.

---

[1] Between the entry of the December 11, 2020 order and this April, 2021 order, Judge Conrad retired and Judge Crosby took the bench.

(Emphasis added). Wieland and Hot Rods, without making any motion to correct or inform the trial court of its aforementioned error, appealed the trial court's order. The Court of Appeals affirmed the trial court on this issue, initially stating that "Wieland and Hot Rods did not inform the court that it had a pending breach of contract claim," and therefore holding that they waived the claim. In so doing, this initial Opinion perpetuated the trial court's error regarding the fact that Wieland and Hot Rods had not responded.

Wieland and Hot Rods petitioned the Court of Appeals for a rehearing, arguing that the appellate court was incorrect to assert that Wieland and Hot Rods did not respond to the trial court's December 11, 2020 Order. The Court of Appeals denied the petition for rehearing, withdrew its initial Opinion, and substituted that Opinion with a modified version. In the second Opinion, the Court of Appeals acknowledged the trial court's error, but came to the same conclusion regarding waiver. The court held,

> Appellants' argument is waived because Appellants failed to bring to the circuit court's attention the error contained in its April 22, 2021 order. As Appellees correctly point out Appellants waived this claim because pursuant to CR 52.04, Appellants could have requested the circuit court to make a finding of fact on the breach of contract claim, or to deny they failed to respond to the circuit court's April 22, 2021 order.

*Wieland v. Freeman*, No. 2021-CA-0534-MR, 2022 WL 816964, at *6 (Ky. App. Mar. 18, 2022), *review granted* (Aug. 10, 2022) (footnote omitted). This Court subsequently granted discretionary review.

4

## II. ANALYSIS

The only determination required on our review is whether Wieland and Hot Rods waived their contract claim by failing to bring the trial court's error to its attention. Thus, this Court's review is solely regarding an issue of law. "We review these questions of law de novo, respectfully owing no deference to the legal determinations of the courts below." *Phillips v. Rosquist,* 628 S.W.3d 41, 45 (Ky. 2021) (citing *S. Fin. Life Ins. Co. v. Combs*, 413 S.W.3d 921, 926 (Ky. 2013)).

The Court of Appeals held that CR 52.04 was dispositive on this issue. We agree. The procedural history we are called to review is this: The trial court erroneously believed that Wieland and Hot Rods had failed to respond to its order requesting a listing of outstanding claims. Because of this, the trial court believed there were no outstanding claims and therefore failed to adjudicate the contract claim. Then, Wieland and Hot Rods failed to either move to correct the trial court's erroneous beliefs or move for a ruling on their remaining claim. As the Court of Appeals has correctly opined in *Oldham Farms Development, LLC v. Oldham County Planning & Zoning Commission*, regarding the requirement of CR 52.04, "the failure of [a party] to insist upon a ruling by the circuit court on . . . issues means that they are not properly preserved for our review." 233 S.W.3d 195, 197 (Ky. App. 2007) (citing *Dillard v. Commonwealth,* 995 S.W.2d 366, 371 (Ky. 1999)). That court further correctly explained that "under CR 52.04, on appeal a party may not be heard to complain about the absence of a

5

trial-court ruling unless the failure to rule was brought to the attention of the trial court in writing." *Id.* (citations omitted).

CR 52.04 states,

A final judgment shall not be reversed or remanded because of the failure of the trial court to make a finding of fact on an issue essential to the judgment unless such failure is brought to the attention of the trial court by a written request for a finding on that issue or by a motion pursuant to Rule 52.02.

Wieland and Hot Rods argue that CR 52.04 is inapplicable because first, the matter was not tried by the court; second, the issue on review does not concern an "essential fact;" and third, the case was decided on summary judgment, which does not require factual findings. We address each argument in turn.

First, Wieland and Hot Rods argue that CR 52.04 is inapplicable because the matter was not tried by the trial court. This issue was also addressed by the Court of Appeals in *Oldham Farms Dev., LLC*. That court explained, "[T]he question here is not whether CR 52.01 applies, but rather whether CR 52.04 does. And by its own terms, CR 52.04 categorically governs 'judgments' of a trial court without qualification." *Oldham Farms Development, LLC*, 233 S.W.3d at 197. Because the order at issue in this case was a final judgment, CR 52.04 clearly applies.

Second, Wieland and Hot Rods' issue *does* concern an essential fact; namely, whether their contract claim exists and has yet to be ruled upon. In addition, the trial court order purports to resolve all issues, but makes no factual findings regarding the issue of a contract claim aside from those

findings it makes on defamation. On either theory, factual findings on an essential issue were absent from the trial court's order. CR 52.04.

Third, while CR 52.01 does exempt a trial court from the requirement of factual findings on summary judgments, it does not then render moot the requirements on litigants imposed by CR 52.04. We discussed the interplay between the two rules in *Anderson v. Johnson*, 350 S.W.3d 453 (Ky. 2011). There, this Court clarified that the two statutes impose different burdens on the trial court (through CR 52.01) and the litigant (CR 52.04):

> CR 52.04 requires a litigant to make a written request of the court or file a motion requesting *a* finding of fact *essential to the judgment* when the court has omitted it. Read as a whole, the rule clearly states that requests for findings are not necessary unless the court fails to include an essential fact that would make a judgment complete. In that limited instance, it is reasonable to require a litigant to request that finding if he wishes to have an appeal of that judgment, because the judgment is not whole without it. CR 52 embodies a burden on both the court (CR 52.01) and the litigant (CR 52.04). . . . And such a reading is in keeping with the intent of CR 52: a judge must make findings of fact and not address the matter in a perfunctory manner, but if he misses only some key fact in his findings, the litigant must assist the court in its good faith efforts to comply with the rule by requesting that specific finding.

*Id.* at 458. Here, as described in *Anderson*, we have a judgment that was not "complete." *See id.* Accordingly, the litigant—here, Wieland and Hot Rods—was required under our rules to "assist the court in its good faith efforts to comply" with our Civil Rules. *Id.* CR 52.01 does not exempt litigants from their duty under CR 52.04. Accordingly, the Court of Appeals was correct in holding that Wieland and Hot Rods waived their contract claim—a claim that remains

7

unadjudicated and available to the parties below so long as their claim is not barred by any statute of limitations.

### III.   CONCLUSION

Wieland and Hot Rods could have brought this error to the trial court's attention under numerous Rules. *See, e.g.,* CR 52.02, 52.04, 59.05, 60.01, 60.02, etc. They did not. Their failure to correct an error of the trial court acting in good faith does not then require reversal or remand from an appellate court. The Court of Appeals is affirmed.

All sitting.  All concur.

COUNSEL FOR APPELLANTS:

William Kirk Hoskins
Law Office of William Kirk Hoskins

COUNSEL FOR APPELLEES:

Ruth Helen Baxter
Crawford & Baxter, P.S.C.